JAMES M. REED AND ELIZA HIS WIFE v. ALFRED RICE.

A will was as follows: "I give and bequeath all the residue of my real and personal estate unto my daughter Mary, to her, her heirs and assigns for ever, excepting my double barrelled gun and its equipments —those I give and bequeath unto my nephew, Joseph Cook, his heirs and assigns for ever; also excepting about two acres of land, including the buildings which my mother and sister Mary now live in, on the south side thereof, extending to the line of Charles Elwell's land; all of which I give and bequeath unto my sister Mary, for and in lieu of a bond she holds against me for the sum of five hundred dollars, for and during her natural life." *Held*, that the testator's sister Mary took only a life estate in the two acres of land mentioned.

In ejectment.   On case stated and motion for judgment.

This case was argued by *A. Browning*, for the plaintiff, and *J. T. Nixon*, for defendant.

HAINES, J.   The plaintiffs, James M. Reed and Eliza his wife claim title, in right of the wife, to a lot of land in the county of Salem, and deduce her title through her daughter, Mary Cook, deceased, who was the daughter and devisee of William Cook, deceased.

A verdict *pro forma* under the direction of the court, was rendered in favor of the plaintiffs.   On motion for judgment

upon the *postea* and a state of the case agreed upon, the question of the right of the plaintiffs to recover is submitted to this court.

The validity of the title depends upon the construction of a clause in the will of William Cook, deceased, which is as follows: "*Item.*—I give and bequeath all the residue of my real and personal estate unto my daughter Mary, to her, her heirs and assigns for ever; excepting my double barrelled gun and its equipments—those I give and bequeath unto my nephew, Joseph Cook, his heirs and assigns for ever; also excepting about two acres of land, including the buildings which my mother and sister Mary now live in, on the south side thereof, extending to the line of Charles Elwell's land; all of which I give and bequeath unto my sister Mary, for and in lieu of a bond she holds against me for the sum of five hundred dollars, for and during her natural life."

The question is, whether Mary C. Parker, called by the testator his sister Mary, under whom the defendant claims, took a fee in the lot described or a life estate. If a fee, the plaintiffs have no right to recover; if a life estate, judgment must be rendered against the defendant.

It is obvious that the testator meant to dispose of the whole of his estate, and hence he gave to his daughter, Mary Cook, and to her heirs and assigns for ever, all the residue of his estate, real and personal, excepting the double barrelled gun and its equipments and the lot of about two acres of land in question. Mary Cook consequently became the devisee of all the interest in the residue of the real estate not devised to the testator's sister, Mary C. Parker. What interest, then, did Mrs. Parker take?

There are no formal words of inheritance or perpetuity, yet the language of the devise—"all which I give to my sister Mary"—is sufficient to create a fee, unless a limitation is contained in the other expression used. Do the words "for and during her natural life" create a limitation? Upon the construction most reasonable and agreeable to common understanding, they certainly do. Upon the plain reading

and grammatical construction of the clause, these words relate to the estate devised, as much so as if it were, all which I give and bequeath unto my sister Mary, for and during her natural life. These latter words cannot have reference to the bond in lieu of which the devise was made.

If those words will bear two senses, one applicable to the bond and the other to the estate, then that sense which is most agreeable to law and common understanding, and most in accordance with and cognate to the principal subject of the devise, relates to the estate and not to the bond.

The bond is referred to and described; but the description is complete in the terms "for and in lieu of a bond she holds against me for the sum of five hundred dollars."

But it is said that the clause is doubtful, and therefore to be interpreted in the light of surrounding circumstances. In view of a supposed latent ambiguity in the clause of the will in question, extrinsic evidence was offered and received to explain and remove it. By that evidence it appears that the testator, before the making of his will, had executed to his sister, Mary C. Parker, a bond, in the penal sum of five hundred dollars, conditioned for the payment to her of the sum of thirty dollars each year during her natural life. And it is insisted that the phrase "for and during her natural life," used in the will, refers to the bond and not to the estate. But I can see in this extrinsic evidence no light by which to change the natural and ordinary construction of the clause. That phrase does not describe the bond. No bond was given to Mrs. Parker for five hundred dollars during her natural life. It would be a forced construction that would make such language apply to a bond conditioned for the payment of thirty dollars each year during her natural life.

The evidence so received may account for the expression of the will concerning the bond.

William Cook had given to his sister a bond in the penal sum of five hundred dollars, by which he agreed to pay her thirty dollars a year during her life. By the will, it would seem that he meant to provide for and secure the annual pay-

ment of that sum, or its equivalent, and for that purpose gave to her a life estate in the house and lot in which she then lived. The fair and reasonable construction of the clause is, that the words were used to limit the estate; and that Mrs. Parker took a life estate only, and that the remainder went to Mary Cook, and by her devise to her mother, Mr. Reed.

Let judgment be entered on the *postea* for the plaintiffs.

OGDEN and ELMER, Justices, concurred.